United States Court of Appeals,

Eleventh Circuit.

No. 95-6055.

Gregory TAPSCOTT, Jessie James Davis, Sharon West, Leroy Brown, Carrie L. Bowen, Ira P. Lewis, Bobby G. Shore, Minnie B. Shore, Sheila D. Ware, James R. Bickley, Inez T. Davis, Olivia Thompson, Emma Galloway, Marie A. Anderson, Lola D. Greer, Russell Thornton, Stephen H. Schoepflin, Robbie L. Langley, Tollie L. Isome, Larry Clark, Vanessa Mahone, Bobbie S. Kimbrell, Andrew Moreland, Jr., Robin A. Watkins, Angela McWaine, David W. Reyer, Plaintiffs-Appellants,

North American Specialty Insurance Co., Intervenor,

v.

MS DEALER SERVICE CORP., Defendant,

Lowe's Home Centers, Inc., Defendant-Appellee,

Jim Burke Automotive, Inc., Mississippi Life Insurance Co., MS Casualty Insurance Co., Serra Automotive, Inc., d/b/a Serra Budget Center, Roadguard Motor Club Inc., etc., et al., Defendants,

Ford Life Insurance Company, Ford Motor Company, Movants.

March 20, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 94-02027-PT-S), Robert B. Propst, Judge.

Before TJOFLAT, Chief Judge, BLACK, Circuit Judge, and GOODWIN[*], Senior Circuit Judge.

BLACK, Circuit Judge:

Appellants challenge the exercise of diversity jurisdiction by the federal district court over a state law action. Appellee Lowe's Home Centers (Lowe's) removed the putative class action, and the district court denied Appellants' motion to remand with respect to Lowe's. The district court held the amount-in-controversy

[*]Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

requirement was satisfied by aggregating punitive damages and diversity of citizenship was not defeated by a fraudulent joinder. We affirm and hold where a plaintiff makes an unspecified claim for damages, the defendant must prove the amount in controversy by a preponderance of the evidence.

## I. BACKGROUND

Appellant Gregory Tapscott, an Alabama resident, originally filed this state law class action against four defendants, one of which is an Alabama resident. On behalf of a putative class, Tapscott alleged violations of the Alabama Code, Ala.Code §§ 5-19-1, 5-19-19, & 5-19-20 (1975 & Supp.1995), common law and statutory fraud, Ala.Code § 6-5-100, *et seq* (1975), and civil conspiracy arising from the sale of "service contracts" on automobiles sold and financed in Alabama. Appellants' first amended complaint, alleging identical claims as the original complaint, added sixteen named plaintiffs and twenty-two named defendants.

A second amended complaint contained four additional named plaintiffs, including Appellants Jessie Davis and Sharon West, Alabama residents, and three additional named defendants, including Appellee Lowe's, a North Carolina resident.[1] Unlike the initial and first amended complaints, which alleged violations arising from

---

[1]The two other defendants, Alabama Power Company and Circuit City Stores, Inc., have been dismissed by Appellants. Lowe's is the sole remaining defendant added by the second amended complaint. Appellants Davis and West are the only plaintiffs who assert claims against Lowe's.

Appellants' joinder of these co-defendants was accomplished exclusively through Rule 20. Fed.R.Civ.P. 20. Rule 20 of the Federal Rules of Civil Procedure is identical to Rule 20 of the Alabama Rules of Civil Procedure.

sales of service contracts in connection with the sale of *automobiles,* the second amended complaint alleged violations of the Alabama Code §§ 5-19-1, 5-19-19, and 5-19-20, arising from the sale of "extended service contracts" in connection with the sale of *retail products.* Davis and West are the putative plaintiff class representatives,[2] and Lowe's is the putative defendant class representative for a "merchant" class. Appellants seek statutory damages, unspecified compensatory and punitive damages, and injunctive relief.

On August 18, 1994, Lowe's filed a notice of removal to the United States District Court for the Northern District of Alabama, asserting diversity jurisdiction under 28 U.S.C. § 1332.[3] Lowe's also filed a motion to sever the claims against Lowe's from the claims against the other defendants. On August 26, 1994, Appellants filed a motion to remand for lack of federal subject matter jurisdiction. In support of their motion to remand, Davis and West filed affidavits on October 11, 1994, purporting to limit their individual damages and those of any other class members to an amount not more than $49,000. Their attorney also filed an affidavit stating that no class member would seek more than $49,000 and that he would not attempt to obtain more than $49,000 by amendment or otherwise.

---

[2]Appellants aver that the total class membership is at least 10,000.

[3]A district court has original jurisdiction over all cases where the matter is between citizens of different States and "the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) & (a)(1) (1994).

The district court granted Lowe's Motion to Sever and denied Appellants' Motion to Remand as to Lowe's.  The action was remanded to state court as to all defendants except Lowe's.  Appellants appeal the district court's order, and we have jurisdiction under 28 U.S.C. § 1292(b).[4]

## II. STANDARD OF REVIEW

The subject matter jurisdiction of the district court is a question of law subject to *de novo* review.  *Mutual Assur., Inc. v. United States,* 56 F.3d 1353, 1355 (11th Cir.1995) (citing *United States v. Perez,* 956 F.2d 1098 (11th Cir.1992).

## III. DISCUSSION

A. *Burden of Proof*

Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court.  28 U.S.C. § 1441(a). [5]  A removing defendant has the burden of proving the existence of federal

---

[4]On December 5, 1994, the district court amended its order of November 1, 1994, indicating that it "is of the opinion that this order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Tapscott v. MS Dealer Service Corp., et al.,* No. CV 94-PT-2027-S (N.D.Ala. Dec. 5, 1994) (amended order).  This Court granted Appellants' petition to appeal pursuant to 28 U.S.C. § 1292(b).

[5]Section 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (1994).

jurisdiction. We first decide what burden of proof the defendant must bear in demonstrating the amount-in-controversy requirement of diversity jurisdiction where the plaintiff has made an unspecified demand for damages.

This Court recently examined the burden of proving the amount in controversy for diversity jurisdiction:

> In the typical diversity case, plaintiff files suit in federal court against a diverse party for damages exceeding $50,000. Such a case will not be dismissed unless it appears to a "legal certainty" that plaintiff's claim is actually for less than the jurisdictional amount. *St. Paul's Indemnity Corp. v. Red Cab Co.,* 303 U.S. 283, 288-289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). In the typical removal case, a plaintiff files suit in state court seeking over $50,000. The defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

*Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1094 (11th Cir.1994). In *Burns,* we held where a plaintiff has specifically claimed less than the jurisdictional amount in state court, a defendant, to establish removal jurisdiction, must prove to a "legal certainty" that the plaintiff would not recover less than $50,000 if she prevailed.[6] *Id.* at 1095. The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. *Id.* Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading containing a specific demand of damages and signed by a lawyer was due deference and a presumption of truth. *Id.* We concluded the defendant's burden was a "heavy one" and the legal certainty standard was therefore appropriate.

_____

[6]The *Burns* plaintiff specifically claimed "not more than $45,000.00" in damages. *Burns,* 31 F.3d at 1093.

*Id.* Any lesser burden would impermissibly expand federal diversity jurisdiction. *Id.* at 1096-97.

In contrast to *Burns,* the present case concerns an unspecified claim for damages. *See Burns,* 31 F.3d at 1096 n. 6 (noting that *Burns* was not a case where the amount of damages sought by plaintiff was unspecified).[7] Where a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. *See also Gafford v. General Elec. Co.,* 997 F.2d 150, 160 (6th Cir.1993).[8] Nevertheless, a defendant's ability to remove a state case to federal court is not unfettered. The proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a "preponderance of the evidence" standard. As the *Gafford* Court stated:

> It does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages. On the other end of the spectrum, requiring the defendant to prove that the amount in controversy "may" meet the federal requirement would

---

[7]Other courts in addressing claims for unspecified damages have applied varying burdens of proofs. *See* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3725 (Supp.1995) (citing cases applying "legal certainty," "preponderance," and "reasonable probability" standards).

[8]The "legal certainty" test is derived from the situation where a plaintiff's state court prayer specifies damages in excess of the amount-in-controversy requirement. *Gafford,* 997 F.2d at 160. Such a prayer is contrary to a plaintiff's forum-selection interests, and it is therefore proper to presume the plaintiff's presentation is an appropriate estimate. Where damages are unspecified, such a presumption is inappropriate. *Id.*

> effectively force the plaintiff seeking remand to prove in rebuttal that only a relatively small amount of damages is legally possible.

*Gafford,* 997 F.2d at 159 (footnote omitted). Thus, we hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement.

B. *Amount in Controversy*

We now turn to whether Appellee has established an amount in controversy exceeding $50,000 by a preponderance of the evidence.[9] Appellants have made a claim for punitive damages on behalf of a putative plaintiff class. If the punitive damages in this putative class action may be considered in the aggregate, then the amount in controversy will exceed the $50,000 requirement.[10]

---

[9]Under *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), each putative class member must satisfy the jurisdictional requirements. *Id.* at 300, 94 S.Ct. at 511; *Lindsey v. Alabama Tel. Co.,* 576 F.2d 593, 594 (5th Cir.1978). Some dispute exists as to whether *Zahn* has been overruled by the recent passage of 28 U.S.C. § 1367(b) which would provide supplemental jurisdiction over class members' claims so long as one class representative meets the jurisdictional requirements. *See generally Fountain v. Black,* 876 F.Supp. 1294, 1297-98 (S.D.Ga.1994); 14A Wright, Miller & Cooper, *supra* § 3705 (Supp.1995); 1 James W. Moore, *Moore's Federal Practice* ¶ 0.97[5], at 927-28 (1995) (hereinafter *Moore's Federal Practice* ). We need not address this issue because we hold that the class claim for punitive damages may be considered in the aggregate when determining the amount in controversy.

[10]Although the amount of statutory and compensatory damages in controversy has not been precisely determined, it is clear that such damages would not approach the $50,000 requirement. The individual transactions between putative class representatives Davis and West and Appellee are under $1,000, and the damages available pursuant to Ala.Code §§ 5-19-19 and 5-19-20 would not exceed $50,000. Satisfaction of the amount-in-controversy requirement in this case, therefore, depends upon whether a claim for punitive damages by a class may

In *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the Supreme Court held that aggregation is permissible to meet the amount-in-controversy requirement where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." 394 U.S. at 335, 89 S.Ct. at 1056. The corollary is that "separate and distinct" claims may not be aggregated to satisfy the jurisdictional requirement. *Id.* at 336, 89 S.Ct. at 1057. Despite the Court's belief that the "lower courts have developed largely workable standards for determining when claims are joint and common, and therefore entitled to be aggregated, and when they are separate and distinct and therefore not aggregable," *Id.* at 341, 89 S.Ct. at 1059, distinguishing a "common and undivided" interest from claims that are "separate and distinct" remains a difficult task in many cases. *See generally* 14A Wright, Miller, & Cooper, *supra* § 3704; 1 *Moore's Federal Practice* ¶ 0.97[5], at 931 ("Of course, terms such as "joint,' "common,' and "separate and distinct' are elusive and elastic.").

This Circuit has not yet addressed whether punitive damages in a class action may be aggregated. Appellants contend that the punitive damages may not be aggregated because this case involves separate, individual contract claims between the parties and not a single wrong by Appellee, such as a mass tort. We disagree. [11]

---

be considered in the aggregate. At oral argument, attorney for Appellants conceded that if considered in the aggregate, punitive damages would exceed $50,000.

[11]Whether punitive damages are aggregable cannot be determined on the distinction of whether they arise from multiple individual transactions or from a single act or mass tort. For

Instead, we believe the inquiry must focus on an examination of the nature of punitive damages under Alabama law.

The Fifth Circuit recently addressed a similar issue under Mississippi law, which is substantially like Alabama's law on punitive damages. In *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir.1995), the court looked at several factors and concluded that each plaintiff[12] had "an undivided claim for the full amount of the alleged punitive damages," *id.* at 1329, and therefore "the amount of such an alleged award [must be] counted against each plaintiff's required jurisdictional amount," *id.* at 1335. Reviewing the nature of punitive damages under Mississippi law, the *Allen* Court determined punitive damages are "fundamentally

example, in *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.,* 988 F.2d 559, 563 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), approximately 700 Colombian fishermen filed suit seeking damages from an alleged chemical spill by the defendant. Although the actions arose from a mass tort, the court held that the individual claims could not be aggregated since each claim will vary based upon the particular plaintiff's injuries. *Id.* at 563. Even though the plaintiffs' injuries were caused by a single act of the defendant, the nature of the right and remedy sought was still particular to each individual plaintiff. *ANPAC* demonstrates that the proper focus is on the nature of the claim or right asserted and not on the nature of the wrong underlying the suit.

[12]*Allen* is a mass tort case arising from an explosion of an oil and gas well. Plaintiffs sought unspecified compensatory and punitive damages.

In *Allen* 512 plaintiffs jointly filed suit, thus it was not a class action. Although not a class action, we do not believe this distinguishes *Allen* from the case *sub judice.* "It is important to remember ... that claims occasionally can be aggregated in the class action context. *Snyder* and *Zahn* simply mean that the aggregation rules formulated for cases involving multiple plaintiffs or defendants apply to class actions." 1 *Moore's Federal Practice* ¶ 0.97[5], at 928-29. It is not the nature of the suit, but the nature of the claim that is important.

collective," their purpose being to protect society by punishing and deterring wrongful conduct. *Id.* at 1333. Since punitive damages are not compensatory, "they are individual awards in function only." *Id.* A further indication of their collective nature is that no plaintiff has a claim of right to punitive damages; rather, the damages are within the discretion of the court or jury. *Id.* Because of the nature of punitive damages as a public good, punitive damages as a whole are treated as belonging to each plaintiff for jurisdictional purposes. *Id.* at 1333-34.

As is the case under Mississippi law, the purpose of punitive damages in Alabama is to deter wrongful conduct and punish those responsible. *Reserve Nat'l Ins. Co. v. Crowell,* 614 So.2d 1005, 1009 (Ala.), *cert. denied,* --- U.S. ----, 114 S.Ct. 84, 126 L.Ed.2d 52 (1993). An injured party is not entitled to punitive damages as a matter of right. *City Bank of Alabama v. Eskridge,* 521 So.2d 931, 933 (Ala.1988). Rather, the state and not the victim is considered the true party plaintiff because punitive damages do not compensate a victim for loss but serve to punish and deter. *Maryland Casualty Co. v. Tiffin,* 537 So.2d 469, 471 (Ala.1988). Thus, similar to Mississippi punitive damages, Alabama punitive damages are awarded for the public benefit—the collective good.

We also note that any punitive damage award in this case would be made on the wrongfulness of the defendant's course of conduct as a whole. The individual transactions in this case are relatively small—under $1,000 each. Plaintiffs, however, have alleged a class in excess of 10,000 members. In such an instance, where the wrong to the individual is small but the course of

conduct is large, the potential punitive damages would be to punish and deter the course of conduct as a whole. When punitive damages reflect the defendant's course of conduct towards all of the putative class members, it is entirely proper that the damages be considered in the aggregate.[13]

The punitive damages sought in this case are a single collective right in which the putative class has a common and undivided interest; the failure of one plaintiff's claim will increase the share of successful plaintiffs. Lowe's is not concerned with the particular distribution of the punitive damages among the plaintiffs, but with the overall size of any such award.[14] The egregiousness of the defendant's conduct in this case, upon which an award of punitive damages would rest, would stem from its course of conduct as a whole. We therefore hold that punitive damages in this class action suit may be considered in the aggregate when determining the amount in controversy for

---

[13]We note without embellishing that there may be cases where the punitive damages, albeit within a class action, would be determined on an individualized consideration of the egregiousness of the harm done to individual class members. In such a case, aggregation of punitive damages may very well be inappropriate.

[14]How the remedy is to be distributed has been considered important in determining whether an interest is common and undivided. Remedies for the benefit of the group rather than vindication of individual rights are considered a common interest. *See generally* 1 *Moore's Federal Practice* ¶ 0.97[5], at 931. Courts look to whether the defendant has an interest in how the remedy is distributed among the plaintiffs, *see, e.g., Allen,* 63 F.3d at 1334, or whether the failure of one class member's claim will increase the others' shares, *see, e.g., ANPAC,* 988 F.2d at 563. If a defendant is disinterested in how a potential remedy is distributed among plaintiffs or whether the failure of one plaintiff's claim increases the shares of others, the plaintiffs are considered to have a common interest in the award.

jurisdictional purposes.[15]  Our holding in this case is not to be taken to establish a bright line rule that any class claim for punitive damages may be aggregated to meet the amount-in-controversy requirement.  While the facts in this case result in an aggregation of punitive damages, other factual situations may dictate that punitive damages are non-aggregable.

C. *Diversity of Citizenship*

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity—every plaintiff must be diverse from every defendant.  *Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559, 1564 (11th Cir.1994) (citing *Strawbridge v. Curtiss,* 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806)).  An action may nevertheless be removable if the joinder of non-diverse parties is fraudulent.  *See Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th

---

[15]Appellants also contend their post-removal affidavits and the affidavit of their attorney submitted in support of remand conclusively limit the amount in controversy for each putative class member to $49,000.  We are not so sure.  As the Supreme Court has stated:

> [E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached....
>
> We think this well established rule is supported by ample reason.  If the plaintiff could, no matter how bona fide his original claim in state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice.

*St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293-94, 58 S.Ct. 586, 592-93, 82 L.Ed. 845 (1938).  We decline to decide today whether such artful pleading may be utilized to defeat diversity jurisdiction because regardless of whether each member's individual damages has been limited to $49,000, the punitive damages may be considered in the aggregate and the amount-in-controversy requirement is met.

Cir.1983). "Removability should be determined "according to the plaintiff's pleading at the time of the petition for removal.' " *Id.* (citations omitted); *see also Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989).

In their initial and amended complaints, particular plaintiffs have been matched with particular defendants against whom they allege individual claims. Appellants Davis and West assert claims against Lowe's. These are the only putative class representatives for the purported "merchant" class action. It is not disputed that Davis and West (Alabama residents) are diverse from Lowe's (a North Carolina resident). Other defendants, however, are Alabama residents.[16]

The joinder of defendants in this action has been accomplished solely through Rule 20. The district court, finding no allegation of joint liability between Lowe's and any other defendant and no allegation of conspiracy, held there was an "improper and fraudulent joinder, bordering on a sham." The court rejected Appellants' argument that "a mere allegation of a common business practice subjects all defendants to joinder." *Tapscott v. MS Dealer Service Corp., et al.,* No. CV 94-PT-2027-S, at 2 (N.D.Ala. Nov. 1, 1994) (memorandum opinion). Disregarding the citizenship of the improperly joined parties, the district court asserted jurisdiction and severed and remanded the remainder of the action to state court.

It is important to note that Appellants have not contended

---

[16]The non-diverse defendants are parties to the putative "automobile" class action.

that Lowe's was properly joined with any other non-diverse defendants. Rather, they contend that while a court may disregard the citizenship of fraudulently joined parties, a misjoinder, no matter how egregious, is not fraudulent joinder. We disagree.

Joinder of defendants under Rule 20 requires: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact. Fed.R.Civ.P. 20(a). The district court correctly found no allegation of joint liability or any allegation of conspiracy. Further, the alleged transactions involved in the "automobile" class are wholly distinct from the alleged transactions involved in the "merchant" class. The only similarity between the allegations in the "automobile" class and the "merchant" class are allegations of violations of Alabama Code §§ 5-19-1, 5-19-19, and 5-19-20. Such commonality on its face is insufficient for joinder.

Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action.[17] A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). Although certain putative class representatives may have colorable

---

[17]This Circuit has previously recognized two situations where joinder is fraudulent: (1) if there is no possibility the plaintiff can prove a cause of action against the resident defendant; or (2) if there has been outright fraud by the plaintiff in pleading jurisdictional facts. *Coker,* 709 F.2d at 1440 (citations omitted).

claims against resident defendants in the putative "automobile" class, these resident defendants have no real connection with the controversy involving Appellants Davis and West and Appellee Lowe's in the putative "merchant" class action. We hold that the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder. We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder.

## IV. CONCLUSION

For the foregoing reasons, we hold: (1) where a plaintiff has made an unspecified demand for damages, the defendant's burden of proof as to amount in controversy is by a preponderance of the evidence; (2) the amount-in-controversy requirement is met by an aggregation of the class claim for punitive damages; and (3) diversity of citizenship is satisfied by reason of fraudulent joinder.

AFFIRMED.