**Kenneth GRAF, Plaintiff(s),**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant(s).**

**No. 4:97CV00105 GFG.**

United States District Court,
E.D. Missouri,
Eastern Division.

Oct. 8, 1997.

John G. Simon, Jeffrey J. Lowe, Gray and Ritter, St. Louis, MO, John J. Carey, Joseph P. Danis, Carey and Danis, St. Louis, MO, for Plaintiff.

David W. Harlan, Michael A. Kahn, Kurtis B. Reeg, Alan S. Breckenridge, Gallop and Johnson, St. Louis, MO, for Defendant.

## MEMORANDUM AND ORDER

GUNN, Senior District Judge.

This matter is before the Court on plaintiff's motion to remand the action to state court. Kenneth Graf filed this action in state court, as an individual and as the representative of a putative class, against Safeco Insur-

ance Co. The putative class consists of all persons who, like Graf, purchased automobile insurance from Safeco which included underinsured motorist coverage in the amount of $25,000 per person, containing a certain definition of an underinsured motor vehicle. Graf asserts that due to Missouri's financial responsibility laws, this insurance coverage is worthless. Graf alleges that he purchased this insurance for two vehicles he owned. A putative subclass consists of all such policy holders who made a personal injury claim for the $25,000 limit which was denied by Safeco by operation of the challenged language in the insurance contracts.

Under various state-law theories of recovery, such as breach of fiduciary duty and fraud, Graf sought for himself and each putative class member actual damages in an amount of the premiums paid for the insurance and punitive damages not to exceed $24,000. For each member of the putative subclass he sought actual damages not to exceed $25,000 and punitive damages not to exceed $24,000. On January 21, 1997, Safeco removed the action to this Court under 28 U.S.C. § 1441 on the ground that diversity jurisdiction as defined by 28 U.S.C. § 1332(a) existed. There is no dispute that the diversity of citizenship requirement of section 1332(a) is met. With regard to the requirement that the amount in controversy exceed $75,000,[1] Safeco asserts that the punitive damages sought by the class members may be aggregated, thereby satisfying this requirement.

In *Visintine v. Saab Automobile A.B.*, 891 F.Supp. 496, 497 (E.D.Mo.1995), this Court held that punitive damages may not be aggregated in this fashion in a case such as this one. *See also Metzler v. Nationwide Mut. Fire Ins. Co.*, No. 4:95CV1817–GFG, 1995 WL 938601 (E.D.Mo. Nov. 21, 1995). The Eighth Circuit has not yet ruled on the question and Safeco asks this Court to reconsider its holding in *Visintine* in light of subsequent cases from two other circuits, *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), and *Allen v. R & H Oil & Gas Co.*,

63 F.3d 1326 (5th Cir.1995). The Second Circuit, on the other hand, has adopted the reasoning and conclusion of *Visintine*. *See Gilman v. BHC Securities, Inc.*, 104 F.3d 1418 (2nd Cir.1997). Upon careful review of the issue, the Court concludes that *Visintine* and *Gilman* present the better approach which, as applied to the present case, requires remand of the action to state court for lack of jurisdiction.

The Court also concludes that Safeco's alternate argument is unavailing. Safeco argues that because the policies in question provide for insurance in the amount of $50,000 *per underinsured accident*, and Graf purchased two such policies, the amount in controversy of his claim equals $100,000. Graf's individual claim, however, is only for the amount of premiums he paid. Furthermore, even if some members of the putative subclass can be said to have claims for actual damages of $50,000 based on the per accident as opposed to per person limit, the applicable jurisdictional amount is $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (Doc. No. 7) is granted.

**IT IS FURTHER ORDERED** that all other pending motions, including defendant's motion for a separate order and request for certification for immediate appeal, are denied.

---

1. The recently-enacted increase of the jurisdictional amount from $50,000 to $75,000 applies to cases filed or removed on or after January 17, 1997. *See* Federal Courts Improvement Act of 1996, § 205.