## In re ACCUTANE PRODUCTS LIABILITY.

MDL No. 1626–IBD TRACK CASES.
Case Nos. 8:04–MD–2523–T–30TBM, 8:11–CV–2356–T–30TBM.

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 17, 2012.

1244

John A. McNally, III, John A. McNally, III, LPA, Youngstown, PA, Willard Proctor, Jr., Willard Proctor, Jr., PA, Little Rock, AR, Gary Lee Chambers, Chambers Noronha and Kubota, Santa Ana, CA, Craig Daniel Rosenbaum, Rosenbaum & Rosenbaum, P.C., New York, NY, Joseph G. Abromovitz, Law Office Of Joseph G. Abromovitz, PC, Dedham, MA, James A. Moss, Fidelity National Law Group, Los Angeles, CA, James F. Brook, John Nicholas Vingelli, James F. Brook & Associates, Scottsdale, AZ, Michael Cunningham, Michelle Brazdil Baker, BR Law Group LLP, Oleg Cross, Cross Law Group, San Diego, CA, Christy J. Jepson, Paul Henry Strecker, Strecker, Jepson & Associates, Lake Zurich, IL, Chris Linn Knight, Chris Knight PC, Tulsa, OK, Erin Elizabeth Hanson, Mirch Law Firm, San Diego, CA, for Plaintiffs.

Colleen M. Hennessey, Peabody & Arnold, Boston, MA, Darolyn Y. Hamada, Shook, Hardy & Bacon, LLP, Irvine, CA, Joseph Michael Russell, Kirkland & Ellis, LLP, Chicago, IL, Lyn Peeples Pruitt, Mitchell Williams Selig Gates & Woodyard, Little Rock, AR, Matthew J. Griffin, Peabody & Arnold, LLP, Boston, MA, Michael X. Imbroscio, Covington & Burling, Washington, DC, Natalie Helene Mantell, Gibbons, PC, Sheila Raferty Wiggins, Duane Morris, LLP, Newark, NJ, Natasha L. Mosley, Irvine, CA, Paul E. Asfendis, Gibbons, PC, New York, NY, Susan E.

Burnett, Bowman & Brooke, LLP, Austin, TX, Stephen M. Bressler, Lewis & Roca LLP, Phoenix, AZ, Emily J. Hicks, Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP, Pittsburgh, PA, Jeffrey Schaefer, Jennifer S. Heis, Kimberly L. Beck, Michael J. Suffern, Thomas G. McIntosh, Ulmer & Berne, LLP, Cincinnati, OH, Alan Klein, Duane Morris, LLP, Philadelphia, PA, for Defendants.

## ORDER

JAMES S. MOODY, JR., District Judge.

THIS CAUSE comes before the Court upon Plaintiff Julie D. Allison's Motion to Remand (Dkt. 945) and Defendants' Response in opposition (Dkt. 948). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion to remand should be granted.

## BACKGROUND

This is an action for product liability and medical malpractice. Plaintiff Julie D. Allison alleges that her long-time dermatologist and physician, Defendant Dr. Frank R. Lusher, negligently prescribed Accutane for the treatment of her acne. Subsequently, Plaintiff developed inflammatory bowel disease ("IBD"). Plaintiff also alleges that Defendants Hoffmann–La Roche, Inc. and Roche Laboratories, Inc. (the "Roche Defendants") failed to adequately warn Plaintiff and the prescribing physician of the risks of developing IBD from ingesting Accutane.

Plaintiff initiated this action in the Superior Court of the State of California, Coun-ty of Los Angeles, Northwest District. The Roche Defendants then removed this action, citing diversity jurisdiction.[1] The notice of removal acknowledges that Dr. Lusher is a non-diverse defendant, but argues that he is a fraudulently joined defendant.

This case is at issue upon Plaintiff's motion to remand. Plaintiff argues that her complaint states a valid claim against Dr. Lusher and he is a properly joined defendant with the Roche Defendants. Plaintiff requests that the Court remand this case to the Superior Court of the State of California for the County of Los Angeles.[2]

The Court concludes that Dr. Lusher is a properly joined defendant to this action and "fraudulent misjoinder" does not apply under these circumstances.

## DISCUSSION

 A civil case filed in a state court may be removed to federal court by a defendant if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir.2000).

 When a defendant removes an action to federal court on diversity

---

**1.** The case was removed to the United States District Court for the Central District of California and subsequently transferred to this Court as part of the MDL, entitled *In re Accutane (Isotretinoin) Products Liability Litigation*, MDL–1626.

**2.** The parties do not dispute the amount in controversy or the timing of the removal. Thus, whether Dr. Lusher was improperly joined is the sole issue before this Court.

grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir.2007). Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts. *Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 411 (11th Cir.1999).

"An action may nevertheless be removable if the joinder of the non-diverse party ... [was] fraudulent." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). There are three situations where joinder may be deemed fraudulent: (1) when there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant, (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, and (3) when a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several, or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other. *Id.*

The Roche Defendants removed this action under the third theory of fraudulent joinder, referred to by most courts as "fraudulent misjoinder." The doctrine of fraudulent misjoinder was established by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir.2000). *Tapscott* involved two separate classes of plaintiffs. The first class was made up of a group of Alabama citizens who had filed claims related to sales of automobile service contracts against a group of defendants all of whom were also citizens of Alabama (the "automobile

class"). The second class involved different plaintiffs who, like the plaintiffs in the first class, were all Alabama citizens. The second class defendant, however, was a North Carolina citizen. The claims involved in the second class related not to sales of automobile service contracts, but rather involved sales of retail products (the "merchant class"). No plaintiff in the automobile class had a claim against the defendant in the merchant class, and no merchant class plaintiff had any claim against any of the automobile class defendants. Other than the statutory section under which both claims were brought, the claims of the two plaintiff classes bore absolutely no relationship to one another.

The Eleventh Circuit concluded that there being no "real connection" between the two controversies, that the "misjoinder" was egregious, so as to constitute "fraudulent misjoinder." Specifically, the Eleventh Circuit stated: "We hold that the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder. We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties *is so egregious as to constitute fraudulent joinder.*" *Id.* at 1360 (emphasis added).

In the instant case, the Roche Defendants cannot meet the heavy burden of establishing fraudulent misjoinder with respect to Dr. Lusher. Unlike *Tapscott*, where the claims were completely disconnected, the claims against the Roche Defendants and Dr. Lusher share a "real connection" and the joinder of these defendants is certainly not "egregious." Plaintiff alleges that Dr. Lusher negligently prescribed Accutane to her and failed to follow up and timely discontinue the prescription. As Plaintiff states in its motion to remand, the Roche Defendants' alleged failure to disclose adequate warnings and

negligent manufacture of Accutane and Dr. Lusher's prescription of Accutane to Plaintiff relate to a common question of fact, i.e., which defendant had information regarding Accutane's risks and whether that information was adequately disclosed. The alleged injury to Plaintiff is also the same—Plaintiff developed IBD.

Simply put, the joinder of Defendants is not so egregious as to constitute fraudulent joinder. Accordingly, complete diversity does not exist between the parties.

For these same reasons, the Roche Defendants' request to sever Dr. Lusher, in the alternative, is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Julie D. Allison's Motion to Remand (Dkt. 945) is hereby GRANTED.

2. The CLERK is directed to remand Case No. **8:11–cv–2356–T–30TBM** to the Superior Court of the State of California for the County of Los Angeles and provide that court with a copy of this Order.