Johnny SHELLY, Jr., Plaintiff,

v.

**SOUTHERN BELL TELEPHONE
& TELEGRAPH COMPANY,
INC., Defendant.**

No. CV–94–A–757–N.

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 10, 1995.

614

C. Knox McLaney, Montgomery, AL, Lynn W. Jinks, L. Bernard Smithart, Union Springs, AL, for plaintiff.

Will M. Booker, Atley A. Kitchings, Rebecca St. Pierre Dunnie, Birmingham, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is before the court on the Plaintiff's Motion to Remand this case to the Circuit Court of Bullock County, Alabama,

filed on June 17, 1994. The plaintiff, Johnny Shelly ("Shelly"), brought suit in state court alleging causes of action that arise out of defendant's practice of disconnecting collect telephone calls made from correctional facilities. Plaintiff simultaneously sought class certification. Plaintiff sought money damages as well as injunctive and declaratory relief.

Defendant, Southern Bell Telephone & Telegraph Co., Inc. ("Southern Bell"), filed a timely notice of removal pursuant to 28 U.S.C. § 1441(a), and asserted that federal jurisdiction over the matter was proper based on diversity of citizenship according to 28 U.S.C. § 1332(a). For the reasons set forth below, the court finds that the required jurisdictional amount under § 1332 has not been met, and therefore that Plaintiff's Motion to Remand is due to be GRANTED.

### II. FACTS

The defendant telephone company places pay telephones in correctional facilities throughout the state of Alabama. According to plaintiffs, the defendant has a practice of disconnecting a collect call placed from telephones within correctional facilities after fifteen minutes. The caller is then required to redial, and the individual receiving the call must pay an additional connection fee of $1.50. Plaintiffs contend that the defendant does not have a tariff on file with the Alabama Public Service Commission (the state body that regulates telephone service in Alabama) that would allow defendant to continue this practice.

The plaintiffs seek money damages equal to the amount of reconnect fees illegally charged by the defendant, as well as injunctive relief that would prevent the defendant from continuing this practice. Plaintiffs argue that the requisite amount in controversy is not met in this case. The individual plaintiffs seek no more than $1000. Additionally, they argue that the value of the injunctive relief would be equal to $1.50 per plaintiff per future call, making it impossible for the value of an injunction to any one plaintiff to exceed $50,000.

According to defendant, the relief sought would require them to substantially alter the way it does business. It also asserts that these changes would likely result in its being forced out of the business of placing pay phones in correctional facilities. Defendant Southern Bell argues that the court should look to the cost that it would incur as a result of an injunction along the lines that plaintiffs seek. Because each phone is worth far more than $50,000 each year to the defendant, it claims that the jurisdictional amount is substantially exceeded in this suit.

## III. STANDARD OF REVIEW

 It is axiomatic that federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.,* —— U.S. ——, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Where a plaintiff has brought suit in state court, and defendant seeks to remove, the burden is on the defendant to show that there is jurisdiction in the federal court. *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). While to be sure, the court must take care not to deprive a defendant of its right to a federal forum if that right exists, the court must also be mindful of the need to control the federal caseload and of the principle that the plaintiff is master of his complaint. *Id.* In order to defeat a motion to remand, the defendant must show "to a legal certainty that plaintiff's claim must exceed $50,000." *Id.* The burden is high, and when addressing a motion to remand, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

## IV. ANALYSIS

 It has been conceded that the parties are diverse. The defendant corporation is, for the purposes of jurisdiction, a citizen of Georgia and all plaintiffs are citizens of Alabama. The issue before this court is whether the jurisdictional requirement of $50,000 under 28 U.S.C. § 1332 is met in the case. In determining the jurisdictional amount the general rule is that the claims of separate plaintiffs may not be aggregated to reach the total of $50,000.

 It is uncontested that the individual plaintiffs seek only minor damages each. No plaintiff will recover more than $1,000, and, given the nature of the case, it is quite likely that some could recover as little as a few dollars. Defendant, however, asserts that the jurisdictional requirement is met based on the plaintiffs' claim for injunctive relief and the burden that it would put on them. Plaintiffs counter that the court properly looks only to the value of the requested relief to each plaintiff. Since there is no possibility that an injunction could mean more than $50,000 to any one plaintiff, the plaintiffs contend that the federal court does not have jurisdiction.

As one commentator wrote, "The rules relating to aggregating multiple claims to satisfy the amount in controversy requirement are in a very unsatisfactory state." 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3704. The justification for the jurisdictional amount, that only cases of a substantial nature be brought to the federal courthouse, does seem to be satisfied in the situation of a lawsuit brought by a large class of individuals each with relatively small claims. To illustrate the point, a suit by a class of 1000 persons, each alleging $49,999.99 in damages, could not be pursued in federal court. However, with just under $50 million in alleged damages, that case is clearly substantial in nature.

However, the rule against aggregation of damages in order to reach the jurisdictional level is long standing. In fact, the Supreme Court declared in 1916 that this was a "settled rule." *Pinel v. Pinel,* 240 U.S. 594, 596, 36 S.Ct. 416, 416–17, 60 L.Ed. 817 (1916). Since 1939, this rule has applied to classes of plaintiffs. *Clark v. Paul Gray, Inc.,* 306 U.S. 583, 590, 59 S.Ct. 744, 749, 83 L.Ed. 1001 (1939). Although arguably the policy underlying the jurisdictional amount requirement may not be fulfilled as the current state of the law affects some cases, it is not for this court to overturn years of case law.[1] The

---

1. The court notes that since the articulation of the non-aggregation principle, Congress has on

five occasions revised the diversity statute without altering it in a way that would allow aggrega-

law is well settled that claims may not be aggregated in order to attain the level necessary for federal jurisdiction. *Snyder,* 394 U.S. 332, 89 S.Ct. 1053.

■ Further, in order for the court to have jurisdiction over a class action, all plaintiffs must have claims that exceed the $50,000 jurisdictional level. *Zahn v. International Paper Co.,* 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973). Although defendant argues that the plain language of the 1990 amendments to the jurisdictional statute (28 U.S.C. § 1367) overrule the Court's holding in *Zahn,* the legislative history of that law is clearly contrary to this interpretation. *See* H.R.Rep. No. 734, P.L. 101–650, 101st Cong.2d Sess., *reprinted in* 1990 U.S.C.C.A.N. 6802, 6860, 6875.[2]

■ The issue of the value of injunctive relief is more difficult. In some instances where a plaintiff seeks an injunction, courts may use the value of the injunction to invoke federal jurisdiction. *See Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co.,* 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174 (1915). However, where the case is a class action, the court must determine the nature of the right that would be protected by an injunction in order to set the appropriate value level for each plaintiff. *Snow v. Ford Motor Co.,* 561 F.2d 787 (9th Cir.1977). Where the suit seeks to enforce one common right held collectively by all plaintiffs, then the court would be correct in looking to the full value of the injunction. *Zahn,* 414 U.S. at 294–295, 94 S.Ct. at 508–09. However, where the claims are essentially individual and discrete, the injunction must be looked at as it applies to each plaintiff. *Snow,* 561 F.2d 787, *see also, Pierson v. Source Perrier, S.A.,* 848 F.Supp. 1186, 1190 (E.D.Pa.1994).

In this case, the plaintiffs are asking for an injunction that would prevent the defendant from disconnecting individual telephone calls. The benefit to each plaintiff of such an injunction would appear to be $1.50 each time they are not cut off. To look at the issue from another perspective, the court has been asked by the plaintiffs to prevent a large number of individual violations from occurring. The court's duty is to examine the plaintiffs' request for injunctive relief and determine, as best as possible, whether the claim meets the jurisdictional amount of $50,000.

The plaintiffs in this case seek to vindicate individual rights, rather than one common interest. Each instance complained of is separate and independent, and technically each could constitute the grounds for an independent lawsuit. The claims are brought together in the interests of convenience and efficiency, but each plaintiff alleges that he suffered discrete and individual harm, in the same way that the plaintiffs in *Snow* suffered individual harm.[3] Because the defendant may have a single policy or practice that leads to these harms does not entitle plaintiffs or defendant to aggregate the value of the injunctive relief and bring this case to federal court.

Defendant here argues that it is not asking the court to aggregate the amounts requested by each plaintiff, but rather it is asking the court to take as the consequence of a possible injunction the potential loss of its ability to do business in correctional facilities throughout the state of Alabama. It estimates that its telephones in correctional facilities generate over $3.5 million each year. An injunction preventing it from continuing to do business in the manner it currently does would, therefore, cost it far more than

tion. *See Snyder v. Harris,* 394 U.S. 332, 339, 89 S.Ct. 1053, 1058, 22 L.Ed.2d 319 (1969); *Zahn v. International Paper Co.,* 414 U.S. 291, 300, 94 S.Ct. 505, 511, 38 L.Ed.2d 511 (1973).

2. In this case, however, no plaintiff alleges over $50,000 in damages. It is therefore not necessary for this court to determine whether the 1990 amendments to § 1367 overruled *Zahn.*

3. In *Snow,* the plaintiffs brought a suit for damages and injunctive relief against Ford Motor Company. Plaintiffs claimed that trailer packages sold by the defendant were incomplete in that they did not have a necessary wiring kit. The cost to the defendant to provide the equipment was $11 per package. The court held that Ford was liable to each plaintiff individually for the $11, because the defendant had harmed the plaintiffs on an individual basis. Additionally, the court found that the value of the injunction was $11 to each future purchaser. *Snow,* 561 F.2d at 791.

$50,000. Essentially, the defendant asks the court to adopt the "either viewpoint" test for jurisdiction that has been articulated in other courts. Under this test, the court may properly look either to the amount that the plaintiff seeks to recover, or to the cost that the lawsuit will inflict on the defendant.

There is some dispute as to which party a court should look to in determining whether the amount in controversy exceeds $50,000. Many courts have held that it is only proper to look to the value of the relief to the plaintiff. See, e.g., Massachusetts State Pharmaceutical Assoc. v. Federal Prescription Service, Inc., 431 F.2d 130, 132 (8th Cir.1970), Kheel v. Port of New York Authority, 457 F.2d 46, 48 (2d Cir.1972), Spock v. David, 469 F.2d 1047, 1052 (3d Cir.1972) rev'd on other grounds after remand, Greer v. Spock, 424 U.S. 828, 96 S.Ct. 1211, 47 L.Ed.2d 505 (1976), Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir.1987), Snow v. Ford Motor Co., 561 F.2d 787, 790 (9th Cir.1977). Others, most notably the Tenth Circuit, have held that the court may properly examine the value of the suit to the plaintiff or the potential damage or cost to the defendant. See Okl. Retail Grocers v. Wal–Mart Stores, 605 F.2d 1155, 1160 (10th Cir.1979). Finally, there is a third school that holds that the court should look to the value of the lawsuit to the party claiming that there is federal jurisdiction; that is, look to plaintiffs where the case was brought in federal court and to defendants where the case has been removed.[4]

"The issue of whether this Court is required to undertake an analysis of the matter in controversy from the Plaintiff's viewpoint or the Defendant's viewpoint is not entirely clear in this Circuit." Bassett v. Toyota Motor Credit Corp., 818 F.Supp. 1462, 1466 (S.D.Ala.1993). However, it seems to this court that applying a cost to the defendant approach to injunctive relief is logically inconsistent with the law proscribing aggrega-

tion of legal damage claims. This court is not prepared to create a back door to the federal courthouse by using the cost to the defendant of plaintiff's requested injunctive relief as a basis for federal jurisdiction. To do so would disregard long standing precedent.

■ An additional difficulty with defendant's argument is that it asks the court to accept potential losses as the basis for federal jurisdiction. The damage that the defendant claims it may suffer as a result of a court finding for the plaintiff is not a proper basis for asserting jurisdiction. As the Supreme Court wrote many years ago, "It is well settled in this court that, when our jurisdiction depends on the amount in controversy, it is determined by the amount involved in a particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." New England Mortgage Security Co. v. Gay, 145 U.S. 123, 130, 12 S.Ct. 815, 816, 36 L.Ed. 646 (1892). Defendant's contention that the result of an injunction would be that its cost of doing business would be so high that it could not continue to do business is speculative and is not before the court.

The defendant in this matter has raised several well reasoned arguments in favor of retaining jurisdiction of this case. This is particularly so given that there appears to be no clear law in this circuit regarding either the issues of the "defendant's viewpoint" or the proper value of injunctive relief. However, the law regarding the aggregation of damages is very clear, and to accept defendant's reasoning on these other matters would undermine the well settled holdings in Zahn, Snyder, and countless other cases. This case is therefore properly remanded to state court.

4. See Melkus v. Allstate Insurance Co., 503 F.Supp. 842, 846 (E.D.Mich.1980) (noting that this approach has been mentioned in dicta by some courts). It has also been noted, though, that this third method has the danger of producing somewhat "anomalous" results. For example, an action that could not be commenced in

federal court by the plaintiff because the value on the plaintiff's side does not exceed $50,000, could none the less be removed by a defendant if, from its point of view, the possible cost of relief exceeded the jurisdictional level. 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3703.

## V. CONCLUSION

Therefore, it is ORDERED that this cause be and it is hereby REMANDED to the Circuit Court of Bullock County, Alabama. The clerk is DIRECTED to take all steps necessary to effect this remand.