Susan Elizabeth Hunter
**KLINE, Plaintiff,**

v.

**AVIS RENT A CAR SYSTEM, INC., Defendant.**

**No. CIV.A. 97–0932–RV–C.**

United States District Court,
S.D. Alabama,
Southern Division.

Sept. 21, 1999.

**1238**

S.C. Middlebrook, Gardner, Middlebrook & Fleming PC, Mobile, AL, for plaintiff.

Warren C. Herlong, Jr., Helmsing, Simo & Leach, Mobile, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

VOLLMER, District Judge.

This matter comes before the court on a motion by plaintiff Susan Elizabeth Hunter Kline to remand this action to the Circuit Court of Mobile County, Alabama. Defendant Avis Rent A Car System, Inc. ("Avis") opposes the motion. After carefully reviewing the law and considering the submissions of the parties,[1] the court concludes that Kline's motion is due to be granted.

### I. BACKGROUND

Kline originally filed this putative class action in state court on August 29, 1997. The complaint, which alleges that Avis is not properly licensed to sell insurance products for its rental vehicles,[2] is brought on behalf of Kline and all "persons who have rented cars from Avis nationwide in the past ten years and who have purchased supplemental insurance products from Avis with the motor vehicle rental." Both parties estimate that this class could number in the hundreds of thousands.

The complaint seeks as actual damages the amounts that Kline and every other putative class member paid Avis for insurance products. In addition, the complaint requests equitable rescission and restitution,[3] as well as a declaratory judgment

---

1. The court has considered Avis' "Notice of Removal" (Doc. 1); Kline's "Motion to Remand" (Doc. 6); Avis' "Brief in Opposition to Motion of Remand" (Doc. 11); Kline's "Notice of Filing Additional Authority in Support of Plaintiff's Motion to Remand" (Doc. 12); and Avis' "Response to Additional Authority Submitted by Plaintiff" (Doc. 13).

2. The insurance products in question are loss damage waivers, as well as liability, health and personal effects insurance.

3. In the alternative, the complaint seeks disgorgement of any profits Avis received from these insurance products.

that Avis unlawfully engages in the business of insurance and that any insurance contracts between Avis and the putative class are illegal and void. However, the complaint expressly waives any exemplary or punitive damages and states that "no individual plaintiff's claim exceeds $75,000, exclusive of interests or costs." The complaint also disclaims any attorneys' fees to which the class would be entitled by statute. Instead, the complaint seeks the creation of a "common fund" to pay such fees.

On October 10, 1997, Avis removed this action to federal court. On November 12, 1997, Kline filed a motion to remand. This court then stayed this matter pending a decision by the United States Court of Appeals for the Eleventh Circuit as to whether attorneys' fees awarded from a common fund may be aggregated to satisfy the amount in controversy requirement. The Eleventh Circuit recently issued its opinion on that issue in *Davis v. Carl Cannon Chevrolet–Olds, Inc.*, 182 F.3d 792 (11th Cir.1999). Accordingly, the stay is hereby lifted and the court issues this memorandum opinion and order.

## II. DISCUSSION

Avis contends that removal is proper because this court has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 grants federal subject matter jurisdiction over actions between citizens of different states in which the amount in controversy is greater than $75,000. It is undisputed that there is complete diversity of citizenship between the parties.[4] Thus, the sole issue before the court is whether the amount in controversy exceeds $75,000.

■■■■ In analyzing the amount-in-controversy issue, the court notes that a defendant's right to remove is not on equal footing with a plaintiff's right to choose his forum. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Indeed, where there are unresolved doubts as to whether the amount in controversy in a

removed action has been satisfied, those doubts must be resolved in favor of remand. *See Progressive Specialty Ins. Co. v. Nobles*, 928 F.Supp. 1096, 1099 (M.D.Ala.1996). This presumption favoring remand is significantly bolstered where, as here, the complaint expressly limits the recovery to an amount below the jurisdictional minimum. *See Burns*, 31 F.3d at 1097. In such a situation, the case must be remanded unless the defendant can prove to a legal certainty that the amount in controversy actually exceeds $75,000. *See id.* at 1095–96 (citing *Kliebert v. Upjohn Co.*, 915 F.2d 142 (5th Cir.1990)).

■■■■ With these principles in mind, the court turns to the issue of whether Avis has proven to a legal certainty that the amount in controversy in this action actually exceeds $75,000. As noted above, Kline seeks the creation of a common fund for the purpose of recovering attorneys' fees. Avis contends that this proposed fund, when considered in the aggregate, is greater than $75,000. As a general rule, the claims of multiple plaintiffs may not be aggregated to satisfy the amount-incontroversy requirement. *See Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973). However, aggregation is appropriate where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969). According to Avis, the proposed common fund in this case represents a "common and undivided interest" of the putative class and should thus be aggregated to satisfy the amount-in-controversy requirement.

■■■■ The Eleventh Circuit recently resolved the issue of whether attorneys' fees awarded from a class action common fund may be aggregated to meet the jurisdic-

---

4. Kline is a citizen of Texas. Avis is a Delaware corporation with its principal place of business in New York.

tional minimum. *See Davis v. Carl Cannon Chevrolet-Olds, Inc.,* 182 F.3d 792 (11th Cir.1999). In *Davis,* the Court rejected the argument that a "common-fund attorneys' fee" represents "a collective interest of the plaintiff class." *Id.* at 797. Reasoning that such a fee may be characterized as a part of the compensatory damage award that does not independently affect the amount in controversy, the Court concluded that "the attorneys' fees are no more aggregable than the compensatory damages would be." *Id.* at 796. In the alternative, the Court held that even if the fee were viewed as a lump sum payment, such a fee would not provide a collective benefit to the plaintiffs but would rather provide direct compensation to the lawyers representing the class. *Id.* at 797. Thus, under either view, the result is still the same: "the common-fund attorneys' fee … is not aggregable." *Id.* Consequently, the *Davis* holding squarely defeats Avis' argument that the proposed common fund for attorneys' fees should be aggregated to satisfy the jurisdictional minimum.

■ Avis next attacks Kline's waiver of punitive damages and statutory attorneys' fee awards. According to Avis, a representative plaintiff cannot validly waive such claims on behalf of the absent class members. If the court then considers these claims, Avis argues, the amount in controversy is actually greater than $75,-000. *See In re Abbott Labs.,* 51 F.3d 524, 526–27 (5th Cir.1995) (award of attorneys' fees under Louisiana statute may be used to satisfy amount-in-controversy requirement); *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996) (punitive damages may be aggregated to satisfy amount-in-controversy requirement).

Avis may be correct in arguing that Kline cannot waive claims on behalf of the absent class members. *See, e.g., Calloway v. Baker Furniture Co.,* No. CV–94–PT–2751–S, 1995 WL 912708, at *1 n. 2 (N.D.Ala.1995) ("the court is not aware of any authority whereby a putative class

representative can limit, on behalf of putative class members, the amount of the claims of class members as to compensatory or punitive damages"). Nevertheless, the question of whether Kline may do so applies solely to the issue of whether the class should be certified, and that issue does not arise until after the court determines it has subject matter jurisdiction. As Judge Thompson explained in *Hall v. ITT Financial Services,* 891 F.Supp. 580, 582 (M.D.Ala.1994):

> The court need not and does not reach this issue [of whether a plaintiff may unilaterally restrict the recovery of the members of the class she seeks to represent]. It may be that a plaintiff cannot make such a restriction. However, such a restriction might be a reason to deny class certification; in other words, the state court could conclude, after remand, that [the plaintiff] is not an adequate class representative. This court should not, however, force a plaintiff to seek more money than she wants.

*Accord Hooks v. Associates Financial Services Co.,* 966 F.Supp. 1098, 1101–02 (M.D.Ala.1997) (following *Hall* ). Thus, despite Avis' assertions to the contrary, a "plaintiff is still master of her own claim." *Tapscott,* 77 F.3d at 1356. Accordingly, because Kline's complaint expressly disclaims punitive damages as well as a statutory attorneys' fee award, the court will not consider these waived claims in determining whether the amount in controversy exceeds $75,000.

■ As a separate basis for satisfying the jurisdictional minimum, Avis argues that the value of the proposed declaratory relief is greater than $75,000. Avis correctly notes that in declaratory judgment actions, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). However, Avis departs from the settled law of this Circuit in suggesting that this court should

measure the total cost to Avis—rather than the individual value to each putative class member—in determining the amount in controversy. *See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 219 (11th Cir.1997) (courts should measure the value of declaratory relief actions from plaintiff's, not defendant's, viewpoint).

█ Thus, instead of demonstrating that a declaratory judgment voiding all insurance contracts between Avis and the putative class would cost Avis more than $75,000, Avis must show that the value of every class member's claim exceeds $75,000. *See Zahn*, 414 U.S. at 301, 94 S.Ct. at 512. But Avis has not shown that any class member's claim—let alone every class member's claim—is worth more than $75,000. Indeed, the amount Avis charges for its insurance products is relatively small—between $8.95 and $12.00 per premium. Therefore, Avis has not shown to a legal certainty that the value of the requested declaratory relief is greater than $75,000.

█ Finally, Avis contends that Kline's claims for rescission, restitution and disgorgement of profits, each of which are equitable remedies for unjust enrichment, constitute a common and undivided interest and should thus be aggregated. The court disagrees. Absent unusual circumstances, "unjust enrichment claims of putative class members may not be aggregat-

ed." *Crawford v. American Bankers Ins. Co. of Florida,* 987 F.Supp. 1408, 1412 (M.D.Ala.1997). The reason that unjust enrichment claims cannot be aggregated is that they "do not provide a generalized recovery of a fixed fund for the class. Instead, each plaintiff is entitled to the defendants' profits which resulted from the wrongdoing to that particular plaintiff." *Campbell v. General Motors Corp.*, 19 F.Supp.2d 1260, 1268 (N.D.Ala.1998). The court sees no reason to depart from this rule here.[5]

## III. CONCLUSION

For the foregoing reasons, the court concludes that none of the grounds advanced by Avis establish to a legal certainty that the amount in controversy in this diversity action is greater than $75,000.[6] Accordingly, the court **GRANTS** Kline's motion to remand. It is **ORDERED** that this action is hereby remanded to the Circuit Court of Mobile County, Alabama. The **CLERK** is **DIRECTED** to take all steps necessary to effectuate this remand. Each party shall bear its own costs.

---

**5.** To the extent that Avis is invoking a "defendant's viewpoint" measure of damages, the court simply notes that it will not "create a back door to the federal courthouse by using the cost to the defendant of plaintiff's requested [equitable] relief as a basis for federal jurisdiction." *Shelly v. Southern Bell Tel. & Tel. Co.*, 873 F.Supp. 613, 617 (M.D.Ala. 1995).

**6.** The court cautions Kline that if she or any other putative class member later amends the complaint to seek damages in excess of this court's jurisdictional threshold, that upon application to this court, *sanctions will be swift in coming and painful upon arrival. See State Farm Fire & Casualty Co. v. Dunnam,* No. 90–0090–BH (S.D.Ala. May 16, 1990). The court

issues this admonishment because it would have applied a lower burden of proof—the preponderance of the evidence standard—if Kline had not expressly sought damages below the jurisdictional minimum. *Cf. Tapscott,* 77 F.3d at 1356–57 ("Where a plaintiff has made an unspecified demand for damages, *a lower burden of proof is warranted* because there is simply no estimate of damages to which a court may defer.") (emphasis added); *Bolling v. Union Nat'l Life Ins. Co.,* 900 F.Supp. 400, 404 (M.D.Ala.1995) (where plaintiff does not seek a specific amount of damages, defendant must prove by a *preponderance of the evidence* that amount in controversy exceeds jurisdictional minimum) (emphasis added).