**Amy HOLMAN, Plaintiff,**

v.

**MONTAGE GROUP, Ron Squillante and Georganna Smith Squillante, Defendants.**

No. Civ.A. 99–0931–RV–C.

United States District Court,
S.D. Alabama,
Southern Division.

Nov. 8, 1999.

J R.M. Prince, Prince, McKean, McKenna & Broughton, Mobile, AL, for Amy Holman, plaintiff.

Deborah B. Hembree, Adams & Reese, LLP, Mobile, AL, for Montage Group, defendant.

### MEMORANDUM OPINION AND ORDER

VOLLMER, District Judge.

This matter comes before the court on plaintiff Amy Holman's motion to remand this action to the Circuit Court of Baldwin

County, Alabama. After carefully reviewing the law and considering the submissions of the parties,[1] the court concludes that the motion will be granted.

## I. BACKGROUND

Holman originally filed this action in Baldwin County Circuit Court on July 20, 1999. The complaint alleged that defendant Montage Group breached a written "Sales Representative Agreement" when it failed to pay Holman sales commissions for certain clothing and accessories sold during her employment as a Montage Group sales representative. Holman also named Ron Squillante and Georganna Smith Squillante as defendants, ostensibly because of their status as agents of Montage Group. The complaint requested an unspecified amount of compensatory damages.

On September 3, 1999, Montage Group and Georganna Smith Squillante filed an answer and counterclaim against Holman, alleging breach of contract and intentional interference with business relations.[2] On September 28, 1999, Holman filed her answer to the counterclaim, along with an amended complaint adding allegations of fraud and intentional interference with business relations to her original breach of contract claim. The amended complaint seeks an unspecified amount of "punitive and compensatory damages" for each of Holman's new claims, but it does not otherwise change or clarify the unspecified amount of compensatory damages she seeks for her original breach of contract claim.

On October 12, 1999, Montage Group, Ron Squillante and Georganna Smith Squillante (collectively, "Montage") removed this action to federal court, contending that Holman's subsequent claims for punitive damages brought the amount in controversy within the purview of this court's diversity jurisdiction.[3] On October 20, 1999, Holman filed a motion to remand, arguing that this court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000. Montage did not file a response.

## II. DISCUSSION

A defendant has a right to remove a civil case from state to federal court if the federal court has jurisdiction to hear the matter. *See* 28 U.S.C. § 1441(a). In its notice of removal, Montage contends that this court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332. Section 1332 grants federal subject matter jurisdiction over actions between citizens of different states in which the amount in controversy is greater than $75,000. It is undisputed that there is complete diversity of citizenship between the parties.[4] Thus, the sole issue before the court is whether the amount in controversy—as set forth in

---

1. The court has considered the "Notice of Removal to Federal Court" (Doc. 1); Holman's "Motion to Remand and Supporting Brief" (Doc. 6); and the "Notice of Filing Additional Documents in Support of Defendants' Notice of Removal to Federal Court" (Doc. 9).

2. That same day, Ron Squillante filed a motion to dismiss on the basis that he has no ownership interest in Montage Group. The state court denied that motion on September 13, 1999.

3. Where the legal basis of the original complaint does not allow for removal to federal court,

a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Because Montage removed this action within thirty days of receiving Holman's amended complaint, the removal was procedurally proper under section 1446(b).

4. Holman is a citizen of Alabama. Montage Group is a sole proprietorship with its principal place of business in Georgia, and Ron Squillante and Georganna Smith Squillante are both Georgia citizens.

Holman's unspecified demand for compensatory and punitive damages—exceeds $75,000.

■ The Eleventh Circuit has held that where there is an unspecified damages claim, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy satisfies the federal jurisdictional minimum. *See Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996). In ascertaining whether the amount in controversy is greater than $75,000, the court must consider a claim for punitive damages "unless it is apparent that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir.1987). Here, Holman seeks punitive damages for fraud and intentional interference with business relations. Alabama law permits a plaintiff to recover punitive damages under both theories. *See, e.g., Mobile Dodge, Inc. v. Alford,* 487 So.2d 866, 871 (Ala.1986) (fraud); *Gross v. Lowder Realty Better Homes & Gardens,* 494 So.2d 590, 597 n. 4 (Ala.1986) (intentional interference with business relations). Accordingly, the court may consider Holman's claims for punitive damages in determining whether the amount in controversy exceeds $75,000.

■■ However, simply because the court may consider punitive damages does not mean that the federal jurisdictional minimum is satisfied merely because a plaintiff seeks such damages. Rather, the removing defendant must still demonstrate that it is more likely than not that the amount in controversy meets the court's jurisdictional threshold. *See Tapscott,* 77 F.3d at 1357. The reason for this burden is that, because removal is conferred by statute, the right of removal must be strictly construed to limit federal jurisdiction. *See Lane v. Champion Int'l Corp.,* 827 F.Supp. 701, 705 (S.D.Ala.1993). Indeed, where there are unresolved doubts as to whether the removing defendant has shown that the amount in controversy has been satisfied, those doubts must be resolved in favor of remand. *See Kline v.* *Avis Rent A Car System, Inc.,* 66 F.Supp.2d 1237, 1239 (S.D.Ala. 1999). Thus, unless the removing defendant can demonstrate by a preponderance of the evidence that the damages sought by the plaintiff meet the amount-in-controversy requirement, an unspecified claim for punitive damages, standing alone, is insufficient to establish federal subject matter jurisdiction.

■ A removing defendant can discharge this burden by presenting sufficient evidence that a verdict rendered in favor of the plaintiff would exceed $75,000. *See Bolling v. Union Nat'l Life Ins. Co.,* 900 F.Supp. 400, 405 (M.D.Ala.1995). For example, a defendant may offer affidavits showing that it is more likely than not that the amount in controversy exceeded $75,-000 at the time of removal. *See, e.g., De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993) (noting with approval the district court's reliance on defendant's testimonial evidence in denying remand). The defendant may also present decisions rendered in comparable cases that yielded liability in excess of $75,000. *See, e.g., Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.,* 995 F.Supp. 1388, 1392–93 (M.D.Ala.1998) (reviewing similar Alabama state court cases in determining amount in controversy).

■ Here, however, Montage has not met its burden of demonstrating that the amount in controversy is greater than $75,000. Montage has not presented any evidence indicating that the damages in this case satisfy the federal jurisdictional threshold. Nor has Montage provided a decision from an Alabama state court—or any court for that matter—in which a claim for fraud or intentional interference with business relations in a factually similar action resulted in a judgment for more than $75,000. Instead, Montage merely offers Holman's amended complaint and argues that, given "the nature of her allegations," Holman's unspecified claims for compensatory and punitive damages satisfy the amount-in-controversy requirement. As explained above, however, such a bald assertion, by itself, does not establish fed-

eral subject matter jurisdiction. Thus, having failed to offer *any* evidence demonstrating that the amount in controversy in this action exceeds $75,000, Montage cannot show by a *preponderance* of the evidence that the amount in controversy in this action is greater than $75,000. Accordingly, the court concludes that this case is due to be remanded pursuant to 28 U.S.C. § 1447(c).

### III. CONCLUSION

For the foregoing reasons, the court concludes that it lacks subject matter jurisdiction over this diversity action because Montage has not shown by a preponderance of the evidence that the amount in controversy is greater than $75,000. The court therefore **GRANTS** Holman's motion to remand. It is **ORDERED** that this action is **REMANDED** to the Circuit Court of Baldwin County, Alabama. The **CLERK** is **DIRECTED** to take all steps necessary to effectuate this remand. Each party shall bear its own costs.